**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| **Demeian Pinckney Bey,** | ) | **Case No. 2:17-cv-1007-RMG-MGB** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| **Deidra Jefferson, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

This is a civil action pursuant to 42 U.S.C. § 1983 by a pretrial detainee, who is proceeding *pro se* and *in forma pauperis*. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2) (D.S.C.), the United States Magistrate Judge is authorized to review the case initially and to submit findings and recommendations to the United States District Judge. After careful review, the Magistrate Judge recommends that the Complaint (DE# 1) be **summarily dismissed**, **with prejudice**, and without issuance and service of process, for the following reasons:

**I. Background**

The Court takes judicial notice that Plaintiff has previously filed several cases in this federal court, attempting to interfere with a pending state prosecution against him and attempting to sue state court officials, judges, and prosecutors for monetary damages. Those cases were summarily dismissed. See Case No. 2:16-cv-2530-RMG-MGB, *Bey v. Szymczynska, et al.*, filed 7/13/16, closed 9/19/16; Case No. 2:17-cv-76-RMG-MGB, *Bey v. Ziegler, et al.*, filed 01/10/17, closed 3/08/17.

In the latter case, Plaintiff claimed to be a "Moorish National Republic" and alleged that the state court therefore lacked jurisdiction over his prosecution for pending criminal charges. (See

Case No. 2:17-cv-76-RMG-MGB, DE# 1 at 2, ¶ II.B). Plaintiff claimed that because he had received notice that the case of "State of South Carolina vs. Damien Lamont Pinckney" had been "placed on the Guilty Plea Docket for the week of January 9, 2017" (DE# 1-1 at 1), the Defendants had therefore "wilfully deprived me of my rights by failing to give me due process of law, violating U.S. Codes Title 18, 241-242, Treaty of Peace and Friendship, and civil rights and international violations." (DE# 1 at ¶ III). He attached documents that incomprehensibly referred to the Uniform Commercial Code ("UCC"), Hague Convention, and "Moorish Divine and National Movement of the World." (DE# 1-1 at 2-19). Plaintiff filed his own self-styled "Judicial Notice and Proclamation" pledging his "National, Political, and Spiritual Allegiance to my Moabite/Moorish Nation" and proclaiming that he has "the internationally recognized rights to determine own 'Status of the State' absent of threat, coercion, or acquiescence to a Color-of-Law, a Color-of-Office, nor (sic) to be subjected to any imposed Color-of-Authority." (*Id*. at 13).

In the present case, Plaintiff is again attempting to proceed on the same frivolous theory that he is "Moorish Nation" (and/or a "Sovereign Citizen") and that the state court therefore lacks jurisdiction to prosecute him on criminal charges. As before, Plaintiff cites various statutes and treaties that have no application here. Plaintiff attaches a 22-page document that purports to be a "Legal Notice of Removal from Municipal Court to Federal Court Pursuant to Tile 28 U.S.C. § 1441-1446" (DE# 1-1). Such document is confusing and makes nonsensical arguments. Plaintiff appears to be attempting once again to interfere with his state criminal prosecution, to obtain release from detention, and to obtain monetary damages from the state court, state judges, clerk of court, and prosecutor.

## II. The Present Lawsuit

### A. Parties

On the face of the Complaint, Plaintiff lists five defendants: 1) Deidra Jefferson (Judge); 2) Larry Hyman (Judge); 3) Mary P. Brown (Clerk of Court); 4) Roger Young (Judge);[1] and 5) Kamila Szymczynska (Assistant Solicitor). (DE# 1). On the printed form, Plaintiff omits Larry Hyman from the list of defendants. (*Id*. at 2-3, ¶ I, "Defendants"). On the face of his IFP application, Plaintiff lists only the "South Carolina Berkeley County 9th Judicial Circuit" as a defendant. (DE# 2). Throughout his Complaint, Plaintiff incorrectly refers to the State of South Carolina as a "Republic" or "Corporation." (*Id*. at 4).

As for Plaintiff, court records indicate his birth name is Damien Lamont Pinckney. See Case 2:17-cv-76-RMG-MGB. Plaintiff is being prosecuted under that name in state court. In fact, although Plaintiff filed the present case on April 18, 2017 using his "Moorish" name and a non-prison address, a public records check indicates that a bench warrant was issued for Plaintiff on January 11, 2017 for his failure to appear on criminal charges (including trafficking in heroin and cocaine, possession of cocaine base, and assault and battery), that Plaintiff was surrendered by the bond surety on February 10, 2017, and that Plaintiff was booked into the Berkeley County Detention Center on that date.[2] Public records indicate that Plaintiff is still in detention there. In other words, Plaintiff was a pretrial detainee when he filed the present civil action.

**B. Allegations**

Plaintiff's "Statement of the Claim" consists of the following sentence: "The Court never establish jurisdiction but continue to move forward without jurisdiction that lead to Demeian Bey being detain." (DE# 1 at 5, ¶ III). Plaintiff appears to be challenging the jurisdiction of the state court over his criminal prosecution and to be claiming that his detention is illegal. The Complaint

---

[1] Plaintiff incorrectly describes Judges Roger Young, Deidra Jefferson, and Larry Hyman as "magistrates."

[2] See https://berkeleycountysc.gov/drupal/inmatelookup.

also has an attached 22-page document styled as a "Legal Notice of Removal from Municipal Court to Federal Court Pursuant to Tile 28 U.S.C. § 1441-1446" (DE# 1-1). In such document, Plaintiff argues that "the unconstitutional charges under which the Petitioner is being forced to answer are non-constitutional on their face and unconstitutional when applied to the Petitioner because they do not have an enacting clause or single subject title, thereby denying due process of law." (*Id.*).

In his Complaint, Plaintiff generally refers to violation of his constitutional rights, but states that the basis for federal question jurisdiction is the "Treaty of Peace and Friendship 20, 21, Title 22 U.S.C. § 1590, Title 18 241, 242, US Constitution Articile (sic) 4, 5, 6, The Rights of Indigenous Article 11,15, 2, 14, 24, 8, 3, 4, 2, 6." (DE#1 at 3, ¶ II). Plaintiff also asserts that this Court has diversity jurisdiction, although he indicates that all the parties are citizens of South Carolina. (*Id.* at 4). He states that the amount in controversy is (verbatim): "Ten thousand for each violation of Constitution and ten thousand for each Treaty violation ten thousand each US Code Vio[la]tion ten thousand violation for each right of indigenous." (*Id.* at 5, ¶ II.B.3).

### C. Relief Sought

For relief, Plaintiff indicates that he demands "due process as protected by the fourth (4th) and Fifth Amendments and to stop these abuses of colorable authority and [demands] Justice and Cure of all Colorable Cha (sic)." (DE# 1 at 5, ¶ IV "Relief"). Plaintiff does not coherently explain what relevance the Fourth and Fifth Amendments allegedly have to his case, nor does he specify the nature of any alleged "abuses." Liberally construed, the Complaint appears to seek dismissal of the pending state criminal charges against Plaintiff for alleged "lack of jurisdiction." Plaintiff seeks release from detention and monetary damages.

The Complaint's 22-page attached document also asks for "relief." (DE# 1-1). The document cites the Treaty of Morocco and demands due process of law to all Al Moroccan Nationals." (*Id*. at 7, 20). Under the heading "cause of action," Plaintiff complains that Solicitor Szymczynska "continue (sic) to move forward without jurisdiction" and that "Szymczynska, Mrs. Mary P. Brown, Mrs. Deadra Jefferson, Mrs. Harrenton, and Mr. Roger Young NEVER establish jurisdiction." (*Id*., capitalization in original). The document indicates that "Demeian P. Bey demand if any criminal charges be found, let them be placed upon [them]." (*Id*. at 20).

### III. Standard of Review

#### A. Liberal Construction

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). The liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim, it should do so, but a district court may not rewrite a complaint to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

#### B. Review Under 28 U.S.C. §§ 1915, 1915A

Under established local procedure in this judicial district, the Magistrate Judge has carefully reviewed this *pro se* prisoner complaint pursuant to 28 U.S.C. § 1915 and in light of the following cases: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

Plaintiff is proceeding IFP, and therefore, this case is subject to screening pursuant to 28 U.S.C. § 1915. Such statute permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the action. To protect against possible abuses of this privilege, the statute allows the court to dismiss the case upon finding that the case is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B)(i-iii). The Prison Litigation Reform Act ("PLRA") also provides for the screening of complaints "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* "at any time" under 28 U.S.C. §1915(e)(2)(B). *Neitzke*, 490 U.S. at 319. The United States Supreme Court has explained that the statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Id*. at 326. As for failure to state a claim, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326. The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although *pro se* complaints are liberally construed, a plaintiff must do more than make vague and conclusory statements to state a claim for relief. A plaintiff must allege facts that actually support a plausible claim for relief. *Iqbal*, 556 U.S. at 678.

### C. **The PLRA's 3-strike provision**

The PLRA, at 28 U.S.C. § 1915(g), provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*See McLean v. United States*, 566 F.3d 391, 404 (2009). "[I]f a prisoner has already had three cases dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted, the prisoner generally may not proceed IFP but rather must pay up-front all filing fees for his subsequent suits." *Blakely v. Wards*, 738 F.3d 607, 609 (4th Cir. 2013), as amended (Oct. 22, 2013). This means that, after receiving three strikes, plaintiff will have to pay the full filing fee for almost any future non-habeas civil action he might wish to file. *Id.* at 610. If Plaintiff continues to file pleadings that are frivolous or malicious, or fail to state a claim for which relief may be granted, he risks the accumulation of three strikes against him and the resulting denial of future requests for IFP status, absent exceptional circumstances.

## IV. Discussion

Review of the Complaint reflects multiple reasons why summary dismissal is appropriate.

### A. Frivolous Claims Based on "Moorish Nation" and/or "Sovereign Citizen" Theory

Plaintiff appears to be asserting that he is not subject to law or that he is personally immune from prosecution by virtue of his self-proclaimed membership in the Moorish Nation or as a "Sovereign Citizen." Such assertions are frivolous. *See, e.g., Bey v. Hillside Twp. Municipal Court*, 2012 WL 714575, *6 (D.N.J. March 5, 2012) ("Any claims or arguments raised by Plaintiff which are based on his membership in the Moorish American Nation are [by definition] frivolous."). It is well-recognized "that such organizations as the Moorish American Nation and [similar imaginary creations…are notorious organizations of scofflaws and ne'er-do-wells who attempt to

benefit from the protections of federal and state law while simultaneously proclaiming their independence from and total lack of responsibility under those same laws." *El-Bey v. United States*, 2009 WL 1019999 (M.D.N.C. Jan. 26, 2009). Plaintiff's theory that the state court lacks jurisdiction over him is legally and factually baseless. Summary dismissal of any claims based on a "Moorish Nation" or "Sovereign Citizen" theory is appropriate.

Plaintiff refers to himself as a "sovereign," as a "secured party," and to the Uniform Commercial Code (UCC"). Again, such references are without legal or factual basis and are frivolous. Such references are commonly used by *pro se* litigants under the discredited "Sovereign Citizen" theory. *See Parker v. Spencer*, Case No. 4:13–cv–00430–RBH, 2015 WL 3870277, *3 (D.S.C.) (quoting *United States v. Ulloa*, 511 F.App'x 105, 106 n. 1 (2d Cir. 2013) ("sovereign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior"); *Presley v. Prodan*, 2013 WL 1342465, *2 (D.S.C.), *adopted by* 2013 WL 1342539 (D.S.C.) (collecting cases describing the "Sovereign Citizen" movement).

Such litigants, including Plaintiff, typically assert the frivolous argument that the courts lack jurisdiction over them and that their criminal convictions are therefore "void." Courts have repeatedly rejected such baseless assertions as frivolous. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status … as a "sovereign citizen" [or] a "secured-party creditor," … that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily"); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (describing the "sovereign citizen" arguments as having "no conceivable validity in American law"); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (holding that defendant's "sovereign citizen" argument was "completely without merit" and "patently

frivolous"), *cert. denied*, 508 U.S. 952 (1993); *and see e.g., Gravatt v. United States*, 100 Fed.Cl. 279 (Fed.Cl. Sept. 27, 2011) (holding that plaintiff's complaint was frivolous and should be counted as a "strike" under 28 U.S.C. § 1915(g)).

Although Plaintiff also relies on the UCC (DE# 1-1 at 21, citing UCC-1031-308), the UCC has no application here. The UCC sets forth that one of its primary purposes is "to simplify, clarify, and modernize the law governing commercial transactions." UCC, § 1-103(a)(1). Court proceedings, such as criminal prosecutions and civil §1983 actions, are not "commercial transactions." The UCC has no application in this context. Plaintiff's claims are frivolous and fail to state a claim for relief, and are therefore, subject to summary dismissal.

### B. No Private Cause of Action Under 18 U.S.C. § 241-242

Plaintiff's Complaint also cites 18 U.S.C. § 241-242 (the "Enforcement Act"). (DE# 1 at 3, and DE# 1-1 at 17). This Court has previously explained to Plaintiff that he has no private cause of action under such criminal statute. *See United States v. McLean,* 808 F.2d 1044, 1046 (4th Cir. 1987) (discussing a criminal prosecution under such statute). Any claim based on 18 U.S.C. §§ 241-242 fails as a matter of law since that federal criminal statute does not create a private right of action. *See Davis v. Sarles*, 134 F.Supp.3d 223, 228 (D.D.C. Sept. 29, 2015) (citing *Crosby v. Catret*, 308 F.App'x 453 (D.C.Cir. 2009) (per curiam) ("there is no private right of action under these criminal statutes"). This deficiency cannot be remedied through more specific pleading. *Adams v. Rice*, 40 F.3d 72, 76 n.1 (4th Cir. 1994), *cert. denied*, 514 U.S. 1022 (1995) (holding that dismissal with prejudice was therefore appropriate).

Moreover, to the extent that Plaintiff appears to be demanding that criminal charges be brought against the individual Defendants (DE# 1-1 at 20), Plaintiff has no authority to bring any criminal charges. *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) ("[n]o citizen has an

enforceable right to institute a criminal prosecution."); *Singleton v. Ten Unidentified U.S. Marshals,* Case No. 2:11–1811–TLW–JDA, 2011 WL 4970779 (D.S.C. Sept. 1, 2011), *adopted by* 2011 WL 5005271 (D.S.C. Oct. 19, 2011) (same). The Complaint fails to state a claim for relief.

### C. Complaint's Allegations Fail to State a Claim and are Frivolous

Plaintiff generally refers to violation of his constitutional rights, and therefore, this action has been liberally construed as a civil action under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege facts indicating: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). While a complaint need not expressly invoke § 1983 as the legal theory for a plaintiff's claim, the United States Supreme Court has instructed that a complaint "must plead facts sufficient to show that [a] claim has substantive plausibility." *Johnson v. City of Shelby*, 135 S.Ct. 346 (2015) (citing *Iqbal*, 556 U.S. at 676–77). The present Complaint fails to meet this minimal pleading standard.

The allegations of Plaintiff's Complaint, including his "Statement of the Claim," are sparse and conclusory. Plaintiff does not allege any supporting facts that might shed light on why he believes his constitutional rights have been violated. Plaintiff names several judges, a prosecutor, and a court official, but fails to indicate how they allegedly violated his constitutional rights. The United States Supreme Court has made it clear that more than conclusory statements are required to state a plausible claim. *Iqbal*, 556 U.S. at 677–79. A plaintiff must allege specific facts that adequately support the claim. *Id*. The present Complaint fails to do so. Plaintiff's Complaint provides no specific factual allegations against any of the Defendants. Plaintiff merely complains that his state prosecution is proceeding "without jurisdiction." Although courts give "liberal construction" to *pro se* pleadings, the Fourth Circuit Court of Appeals has emphasized that courts

may not "ignore a petitioner's clear failure to allege facts that set forth a cognizable claim." *Wilson*, 699 F.3d at 797.

The Complaint does not allege any specific acts by the Defendants, and therefore, fails to state a claim against them. An individual defendant is not liable under § 1983 absent personal involvement. *Iqbal*, 556 U.S. at 676–77 ("[l]iability under § 1983... requires personal involvement"); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See Reaves v. Richardson*, Case No. 4:09–820–TLW–SVH, 2011 WL 2119318, *6 (D.S.C. March 1, 2011) ("without such personal involvement, there can be no liability under section 1983"), *adopted by*, 2011 WL 2112100 (D.S.C. May 27, 2011). Although Plaintiff also appears to sue several Defendants based on their supervisory positions (i.e. Deidra Jefferson, Judge, and Mary P. Brown, Clerk of Court), it is well-settled that *respondeat superior* is generally not applicable in § 1983 actions. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Summary dismissal is appropriate.

Plaintiff also attempts to sue several state judges, but his Complaint does not even indicate what role the various Defendants had in the state proceedings against him. Plaintiff's allegations are not clear, but he appears to allege that the Defendants denied him due process because the state prosecution proceeded without jurisdiction. Such contention is based on a faulty premise, lacks any basis in fact or law, and is patently frivolous. *See Evans v. Allbrooks*, 1989 WL 100776 (4th Cir.) (affirming district court's dismissal of a "wholly frivolous" complaint); *Carter v. Ervin*, Case No. 0:14–cv–865–TLW-PJG, 2014 WL 2468351, *5 (D.S.C. June 2, 2014) ("Plaintiff's claims against the judicial defendants are frivolous and subject to summary dismissal"), *appeal dism'd by* 585 F.App'x 98, (4th Cir. Oct. 24, 2014).

### D. **Plaintiff may not Interfere with State Prosecution by Means of § 1983 Suit**

Plaintiff may not interfere with his state criminal prosecution by means of this § 1983 action. *See Younger v. Harris*, 401 U.S. 37, 45 (1971) (holding that plaintiff was not entitled to federal court equitable relief against prosecution in state court where the injury which he faced was solely that incidental to every criminal proceeding brought lawfully and in good faith). A state record check reflects that on January 11, 2017, a bench warrant was issued for Plaintiff's "failure to appear" on the state criminal charges of "Drugs / MDP, Narcotic drugs in Sch. I(b) & (c), LSD, and Sched. II (Cocaine)." See Charleston County Court of Common Pleas Case No. 2015-A-1021-000195. The record reflects that, as of February 9, 2017, Plaintiff was lawfully detained in custody at the Berkeley County Detention Center for pending criminal charges.[3]

Moreover, in the event that Plaintiff is convicted in state court, he may not collaterally challenge such conviction by means of a §1983 action. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Griffin v. Baltimore Police Dept.*, 804 F.3d 692, 695 (4th Cir. 2015) (reiterating that habeas corpus, not § 1983, is the exclusive federal remedy for state prisoners seeking release from confinement); *Muhammad v. Close*, 540 U.S. 749, 750-51 (2004) ("where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence."). Any challenge to a state conviction would have to be timely raised in a habeas petition under 28 U.S.C. § 2254 after exhaustion of state remedies.

### E. **Additional Grounds for Dismissal**

---

[3] See http://jcmsweb.charlestoncounty.org/PublicIndex/CaseDetails

While this case is subject to dismissal entirely for enumerated reasons under 28 U.S.C. §1915(e)(2)(B), additional reasons for dismissal are readily apparent.

### 1. **Absolute Judicial Immunity**

Plaintiff attempts to sue several state judges for monetary damages, i.e. Deidra Jefferson, Larry Hyman, and Roger Young. It is well-settled that judges have absolute judicial immunity for their judicial actions, including the imposition of sentences in criminal cases. *Mireless v. Waco*, 502 U.S. 9, 12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). Even if the case were not entirely subject to dismissal as frivolous and for failure to state a claim, the Defendant judges would be entitled to absolute judicial immunity for performing judicial duties.

### 2. **Quasi-Judicial Immunity**

Absolute judicial immunity extends to persons other than judges when performance of judicial acts or activities for the courts are involved, and is referred to as "quasi-judicial immunity." *See Taylor v. Brooks*, Case No. 3:15-cv-1138-RMG-MGB, 2015 WL 4274834 (D.S.C. July 14, 2015), *affirmed* 627 F. App'x 206, 2015 WL 9287065 (4th Cir. Dec. 22, 2015), *cert. denied*, 137 S.Ct. 183 (2016); *Robinson v. McBride*, Case No. 3:13–cv-352-TLW-TER, 2013 WL 2099707 (D.S.C. May 14, 2013)*, aff'd*, 540 F. App'x 212 (4th Cir. 2013). Such immunity applies to court personnel because of the "danger that disappointed litigants … will vent their wrath on clerks, court reporters, and other judicial adjuncts." *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993). Therefore, even if this case were not entirely subject to dismissal as frivolous and for failure to state a claim, Defendant Brown (Clerk of Court) would be entitled to quasi-judicial immunity for her judicially-related acts performed for the state court.

### 3. **Prosecutorial Immunity**

Plaintiff complains that the criminal proceedings against him in state court were "without jurisdiction," and therefore, he sues the prosecutor. However, prosecutors are immune from claims for monetary damages under § 1983 for acts taken in their prosecutorial role. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) ("[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (prosecutors have immunity for performing functions "intimately associated with the judicial phase of the criminal process"); *Nivens v. Gilchrist*, 444 F.3d 237, 249-50 (4th Cir. 2006), *cert. denied*, 539 U.S. 915 (2003). Therefore, Defendant Szymczynska would be entitled to prosecutorial immunity for her participation in the state proceedings. *See, e.g., Redden v. McMaster*, Case No. 8:08-2845-CMC-BHH, 2008 WL 4458877, *3 (D.S.C. Sept. 29, 2008), *aff'd by* 313 F.App'x 654 (4th Cir. Feb. 26, 2009). Summary dismissal is appropriate.

### 4. Sovereign Immunity

Although Plaintiff appears to sue the "South Carolina Berkeley County 9th Judicial Circuit," sovereign immunity would bar any claim against the state court. *See Singleton v. 10 Unidentified U.S. Marshals*, No. 2:11–1811–TLW–JDA, 2011 WL 4970779, n.16 (Sept. 1, 2011) (holding that a South Carolina state court is entitled to Eleventh Amendment immunity), *adopted,* 2011 WL 5005271 (D.S.C. Oct.19, 2011). To the extent Plaintiff seeks monetary damages from Defendant state officials in their official capacity, they are immune from such relief under the Eleventh Amendment of the United States Constitution. Sovereign immunity protects the State, as well as its agencies, divisions, officials, and other "arms of the State." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989) (explaining that a suit against a state official in official

capacity is "no different from a suit against the State itself"); *see also Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996).

## IV. Conclusion

Even when liberally construed, the present Complaint is frivolous and fails to state a plausible claim. Specifically, the Complaint: 1) relies on a frivolous "Moorish Nation" and/or "Sovereign Citizen" theory to argue a purported "lack of jurisdiction" in the state prosecution against Plaintiff; 2) relies on various statutes and treaties that have no application here, including criminal federal statute, 18 U.S.C. § 241-242, which does not provide any private right of action; 3) is conclusory and lacks supporting facts; and 4) inappropriately seeks to interfere with a state criminal prosecution by means of this §1983 action. As the Complaint is subject to summary dismissal entirely for the enumerated grounds under 28 U.S.C. §1915(e)(2)(B), this dismissal should count as a strike. *See Tolbert v. Stevenson*, 635 F.3d 646, 651 (4th Cir. 2011) (holding that the entire case must be dismissed on enumerated grounds to count as a strike).

Accordingly, the Magistrate Judge recommends that the Complaint (DE# 1) should be **summarily dismissed**, with prejudice, and without issuance and service of process. This dismissal should count as a strike pursuant to 28 U.S.C. § 1915(g).

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

April 21, 2017
Charleston, South Carolina
Plaintiff's attention is directed to the **Important Warning** on the following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).