IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Demeian Pinckney Bey, ) | Civil Action No. 2:17-1007-RMG |
| Plaintiff, ) | |
| v. ) | **ORDER AND OPINION** |
| Deidra Jefferson, *et al.*, ) | |
| Defendant. ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending summary dismissal of the complaint. For the reasons set forth below, the Court adopts the Report and Recommendation.

I. **Background**

Plaintiff is currently incarcerated at the Berkeley County Detention Center for failure to appear on charges of heroin trafficking, cocaine trafficking, and assault and battery. Plaintiff has previously filed several cases in this Court in attempts to interfere with pending state prosecutions against him and attempting to sue state court officials, judges, and prosecutors. Those cases were summarily dismissed. In the present case, he claims, "The Court never establish jurisdiction but continue to move forward without jurisdiction that lead to Demeian Bey being detain" and "the unconstitutional charges under which the Petitioner is being forced to answer are non-constitutional on their face and unconstitutional when applied to the Petitioner because they do not have an enacting clause or single subject title, thereby denying due process of law."

On April 24, 2017, the Magistrate Judge recommended summary dismissal of the complaint. On May 8, 2017, he timely mailed objections to the Report and Recommendation.

-1-

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). However, "[t]he district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse." *Doe v. Chao*, 306 F.3d 170, 183 & n.9 (4th Cir. 2002). "[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored," though the district court may allow it "when a party offers sufficient reasons for so doing." *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) (listing cases).

## III. Discussion

The complaint is frivolous for the reasons the Magistrate Judge ably sets forth in the Report and Recommendation. In short, Plaintiff claims his detention is illegal because the state court has no jurisdiction over him, because he is a "sovereign citizen," a secured creditor under the Uniform Commercial Code, and a member of the Moorish Nation. Those claims are frivolous. *Gaskins v. South Carolina*, No. 2:15-CV-2589-DCN, 2015 WL 6464440, at *4 (D.S.C. Oct. 26, 2015). Moreover, a § 1983 action may not be used to interfere with a state criminal prosecution. *Younger v. Harris*, 401 U.S. 37, 45 (1971). Further, all named Defendants have absolute immunity from this suit. The named Defendants are three judges, the Berkeley County Clerk of Courts, an

assistant solicitor, and the "South Carolina 9th Judicial Circuit," all sued for their official acts. The judges have absolute judicial immunity, the Clerk of Courts has absolute quasi-judicial immunity, the assistant solicitor has absolute prosecutorial immunity, and the South Carolina 9th Judicial Circuit has absolute sovereign immunity under the Eleventh Amendment.

Plaintiff's objections are all frivolous. For example, he argues that the State of South Carolina is a corporation, not a sovereign state, because there is a Dun & Bradstreet number associated with it. He argues that the state-court bench warrant for his arrest for failure to appear is somehow improper because it issued while he was at the federal courthouse in Charleston filing frivolous claims. He argues that all of North America and South America are the "dominion of the Moors." He argues that this Court has jurisdiction over his claim because the assistant solicitor "is from France, meaning her nationality is 'Polish,' which is diversity of citizenship."

"With the Prisoner Litigation Reform Act ("PLRA"), Congress sought to reduce the number of frivolous lawsuits flooding the federal courts." *Blakely v. Wards*, 738 F.3d 607, 609 (4th Cir. 2013). "Congress did so in part by enacting 28 U.S.C. § 1915(g), a "three-strikes" statute providing that if a prisoner has already had three cases dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted, the prisoner generally may not proceed *in forma pauperis* but rather must pay up-front all filing fees for his subsequent suits." *Id.* The Court finds this action is frivolous and summarily dismisses it for that reason. This is Plaintiff's first strike (the summary dismissal of Plaintiff's previous cases are not strikes because those actions were dismissed without prejudice). If Plaintiff continues to file frivolous pleadings, he risks the accumulation of three strikes against him and the resulting denial of future requests for *in forma pauperis* status.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. No. 13) as the Order of the Court and **DISMISSES WITH PREJUDICE** the complaint. The Court **FINDS** that the complaint is a frivolous filing and therefore counts as a strike under 28 U.S.C. § 1915(g).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

May 11, 2017
Charleston, South Carolina